UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:15-CR-219 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JONATHAN PHILIP MOSZ, | |
| Defendant(s). | |

Presently before the court is defendant Johnathan Philip Mosz's motion for judicial recommendation. (ECF No. 46).

**I.  FACTS**

On December 5, 2016, the court sentenced defendant to 77 months of custody to be followed by three years of supervised release for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (ECF No. 44). Defendant has now served approximately two years of custody and requests that the court recommend the Bureau of Prisons ("BOP") to allow defendant to spend the final months of his sentence in a residential re-entry center. (ECF No. 46).

**II.  LEGAL STANDARD**

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence").

James C. Mahan
U.S. District Judge

Pursuant to §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in an residential re-entry center and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010) Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" generally upon consideration of, among other factors:

> (4) any statement by the court that imposed the sentence—
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate;

18 U.S.C. § 3612(b)(4).

Section 3624(c)(1), as amended by the Second Chance Act of 2007 ("SCA"), directs the BOP "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months)" in an appropriate setting to "prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(2). An appropriate placement may include a residential re-entry center or "home confinement." *Id*.

The SCA also requires the BOP to issue regulations designed to ensure that residential re-entry center placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

## III. DISCUSSION

At the time of sentencing, courts routinely make judicial recommendations regarding a defendant's placement. *See Tapia v. United States*, 131 S. Ct. 2382, 2390 (2011) ("When a court sentences a federal offender . . . [it] can recommend that the BOP place an offender in a particular facility or program) (emphasis omitted).

However, defendant does not cite and the court is not aware of any authority under which this court may make a post-judgment recommendation regarding re-entry placement. *See United States v. Bishop*, No. 07-00516 JMS (06), 2015 WL 13235851 at *2 (D. Haw. Oct. 2, 2015) (holding that there does not exist authority for a post-judgment judicial recommendation); *United States v. Landers*, No. 6:09-cr-0893-10-JMC, 2013 WL 5530271, at *2 (D. S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway

house placement at this late stage [where Defendant had served 45 months of a 70 month sentence].").

Therefore, because this court does not have authority to issue a post-judgment recommendation, the court will deny defendant's motion.

**IV.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for judicial recommendation (ECF No. 46) be, and the same hereby is, DENIED, consistent with the foregoing.

DATED February 11, 2019.

_____
UNITED STATES DISTRICT JUDGE