UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JONATHAN PHILIP MOSZ,<br><br>Defendant(s). | Case No. 2:15-CR-219 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Johnathan Philip Mosz's motion for reconsideration. (ECF No. 48).

On December 5, 2016, the court sentenced defendant to 77 months of custody to be followed by three years of supervised release for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (ECF No. 44). On October 19, 2018, defendant filed a motion requesting that the court recommend the Bureau of Prisons ("BOP") to allow defendant to spend the final months of his sentence in a residential re-entry center. (ECF No. 46). The court denied defendant's motion on the grounds that it did not have authority to make a post-judgment recommendation. (ECF No. 47).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

James C. Mahan
U.S. District Judge

Defendant argues that the court has authority to make post-judgment recommendation and cites three district court order in support of his contention. *See* (ECF No. 48). However, the cases that defendant cites are not mandatory authority on this court. *See Martin v. United States*, No. 05-17, 2008 WL 3546433 (W.D. Penn. Aug. 12, 2008); *see also Iacaboni v. United States*, 251 F. Supp. 2d 1015 (D. Mass. 2003); *see United States v. Screven*, No. 2:14-cr-00126(4) (S.D. Ohio Aug. 10, 2016).

Indeed, a closer inspection of the applicable case law shows that there does not exist any mandatory authority with regards to jurisdiction to issue a post-judgment recommendation. However, the Ninth Circuit has held that a litigant cannot appeal a non-binding recommendation because it is not part of a sentence. *See United States v. Ceballos*, 671 F.3d 852, 856 (9th Cir. 2011). Therefore, the court exercises its discretion and holds that courts may issue post-judgment recommendations because they are not part of judgment and do not violate the limitations set forth in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36. Consistent with this holding, the court hereby reconsiders defendant's motion for judicial recommendation.

Section 3624(c)(1), as amended by the Second Chance Act of 2007, directs the BOP "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months)" in an appropriate setting to "prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(2). An appropriate placement may include a residential re-entry center or "home confinement." *Id*.

Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" generally upon consideration of, among other factors:

> (4) any statement by the court that imposed the sentence—
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate;

18 U.S.C. § 3612(b)(4).

After reviewing defendant's motion for judicial recommendation, the court finds that placing defendant in a residential re-entry center would advance the goals of the Second Chance

Act. Accordingly, the court will grant reconsideration and issue a non-binding recommendation that defendant serve the final twelve (12) months of his sentence at a residential re-entry center.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 48) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's February 11, 2019, order (ECF No. 47) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that defendant's motion for judicial recommendation (ECF No. 46) be, and the same hereby is GRANTED, consistent with the foregoing.

IT IS FURTHER RECOMMENDED that defendant serve the final twelve (12) months of his sentence at a residential re-entry center.

DATED May 21, 2019.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE